Next matter before the court is 5-25-0309, Zang et al. v. Illinois State Police, Mr. Unseld for the appellant, and Mr., is it Phil? It's Lorraine. Correct. Correct, I'm sorry. Alright, are you prepared to proceed today? Yes, Your Honor. Alright, Mr. Unseld, if you want to step forward, and if you would please just state your name for the record. Edward Unseld, on behalf of the appellant, may it please the court, counsel, and it simply becomes something sitting in the vault of the state police headquarters. And what happens to it is not my concern. That statement from the trial court in the companding case in Madison County set the stage for this. And I apologize, I thought we would argue Madison County first and then St. Clair County. I didn't realize until like two minutes ago we were arguing St. Clair County first. So, but that sets the stage and it puts me, as I stated in my brief, in kind of the uncanny position that I am appealing the St. Clair County Judge Gamble's ruling, but I'm maintaining my main argument is that she didn't have jurisdiction. Jurisdiction stayed with the original court, which was Madison County. It was a little confusing reading the briefs that border as well. This is very interesting and this will more than likely be my last appeal ever. So Mr. Unseld, you filed in St. Clair County though. I did, yes I did. And I did based upon Judge Schroeder's statement. I was so upset at that hearing and that was the end of his statement. He says, I'm washing my hands of this. And his statement is that it's in a vault. So I'm driving back home and I'm thinking, first of all, how does he know it's in a vault? I said, it is in a vault. This money was, the original seizure was done by Megson. An agent of the Illinois State Police, but not the State Police. And I happen to know from practice and representing a couple of people that are in the hierarchy of Megson, just knowing where they are, they're not in Madison County. They're in St. Clair County. So my original petition for injunction, and I was very upfront with Judge Campbell. I didn't have to, but I said, you know, they're saying that there's this claim in Missouri. All this is that. And in my original injunction, I said, I verily believe that it's in St. Clair County. She quite honestly, when I went in there, she asked me, do you know? I said, I do not. I verily believe it. You know, if I would have went through this effort and filed it, this is where I'm at. The Madison County judge has lost his hands about it. The forfeiture statute mandates not only that the judge direct disposal property, it shall dispose of property, but he's refused to do it. It also mandates that the state police turn it over to the claimants with no later than seven days. So I would be irreparably harmed if they transfer it, which it will be an abrogation of the forfeiture statute. Seven days after what, though? Seven days after what? After the dismissal of the forfeiture action. Is that what the statute says? Or does it require there to be some type of a reeling? No, it does not require it. The statute is a dismissal. Section 9, it is a dismissal. Basically what the statute says is that if they do not proceed, if they fail to proceed, or do not win the forfeiture action, then it has to be returned. And it says in the statute that the court shall dispose of it. So yes, it clearly directs the court to dispose. Every case that I have cited, that's it. It can't be in limbo like that. It just can't. I cited a U.S. Supreme Court case where it was the reverse in my brief, where it was a search warrant first and then a forfeiture. It just, there is no case that counsel has cited that says that. In fact, in the Madison County brief, it is acknowledged that the court retains jurisdiction. But you filed a CH case, correct, in St. Clair County? I did. What about this notion that the briefing says that it's in personal jurisdiction, not in random jurisdiction? I mean, the last paragraph in their brief states, well, you don't have, the property is not there, it's in Missouri, you don't have jurisdiction because we've already removed the property. Well, Clyde, can't think of his last name, Clyde from Missouri, showed up at the hearing on April the 3rd in front of Judge Campbell. So he showed up, asked the court, he invoked the equitable powers of the court to sit there and say, well, now that it's moved, you don't have jurisdiction. That's the whole point of the forfeiture statute. That's why you're, think about this, you're depriving, you're taking somebody's property and it's presumed their property because of their possession. You, the Illinois Constitution, the U.S. Supreme Court, you cannot do that without due process. So. But your argument that it was the due process belongs in Madison County. So the St. Clair was essentially a forced act for you. It was because I verily believed, and was correct, that it was not in Madison County. The race was not in Madison County. The money was in St. Clair County. Well, they would have responded and said, sorry, you can't. So Mr. Osborne, what's the remedy in this case, in this specific matter, the CH case that we're dealing with at present? Well, if you determine that she didn't have jurisdiction, then that's the remedy. You just say you didn't have jurisdiction to do it, it's got to go back to the court of original jurisdiction in Madison County. If you determine that there is jurisdiction, then you have to analyze it on what exactly was done. Now keep in mind that she found that the injunction was valid. She found that I would be, that the claimants would be irreparably harmed, that there was a likelihood of success. She found the four elements and entered the temporary injunction and said we're going to set this over. But she didn't enter a permanent injunction. No, she set it over for everybody to weigh in. On the morning of the weigh in, with no notice to claimants, nothing, Missouri shows up with a search warrant to a sister judge and gets it entered. Then Judge Campbell, she feels, well, I have to honor that. Well, that's not the law. And I cited the cases in my brief. If you find that she did have jurisdiction, then you could not have attacked her injunction. If she has jurisdiction, then you have to order that that money is returned pursuant to her original injunction. I mean, the search warrant on its face, patently, is invalid. I mean, think about this. And it's in the file. This money was taken, willfully taken, and admittedly willfully taken in Madison County because they failed to proceed on the criminal. And then the very next day they backed off of the forfeiture. They're saying we're not having anything to do with this. So think about this. The money was taken in June. In July, supposedly two other Chinese couples says, oh, wait a minute, we gave some money and we haven't heard from them. So CIA reached back to the intermediary and said, sorry, we don't have it. It was taken. Less than two hours. Halloween County is two hours from here. Now, what's also in the record, but we didn't brief, was the claimants were stopped before this happened. They were stopped by Menzai, who ended up with the money, and turned loose. They go, I assume, to the couple's house. They're voluntarily given the money. And we voluntarily gave them the money to invest in cryptocurrency. And then two hours later, they're grabbed again, this time by the state police at the direction of Menzai, and that's what brings us here. Now, the curious thing that I have, assume all those are correct, I find it absurd with this Chinese couple, but let's assume that all that is correct. It is their money. They gave it to them to be invested. And then there's an unconstitutional stop. They've inquired. They've not told anything to do. They've not given notice about it. Months go by. And I did the math. There's two major crypto investment companies. If it would have been invested on June 25th or the next day, June 26th, on the day that we had the hearing on April 3rd, that money would have been worth $2.4 million. It just so happened that during that interim, that's where it went up. It was pretty soon that Madison County never lost jurisdiction over the property. I believe that is the law, sir. Is there anything that was done in St. Clair County, anything that could undermine the jurisdiction of the court of Madison County? Over the property. That could undermine it. No, I mean, I'm left with a void order from a judge in Madison County that refused to do statutorily what he was required to do, and he was required to dispose of the money. At the same time, the state believes undirected sales, that if they don't prevail on the forfeiture, they have to turn the money over immediately no longer than seven days. So, but I know that the money's in St. Clair. So, and honestly, if I would have thought that it was in Madison County, I might have civilly tried to get a Madison County judge to have done the same thing. Well, I mean, for all intents and purposes, they were supposed to do something with this appeal from the St. Clair County court. No, I know. I know. Maybe that's why you did this first. I mean, I think the honest battle argument is that she didn't have jurisdiction. That jurisdictionally, so the appeal should be dismissed. And all subsequent orders would be void. Any orders out of St. Clair County would then be void. Right. And then you rule on the Madison County case. And they've acknowledged that that court still had jurisdiction.  The briefing is contradictory from the AG's office versus the state of Fulbright. It's a little confusing for this court. So, essentially, if we go back to Madison County, then we address this issue in the next appeal is what I'm. Yes. Which was the first appeal. But if you do thought, I mean, there isn't any law. I mean, possession isn't not nine-tenths. You can't. Since that court, since Madison County under the forfeiture statute and all the Urea Supreme Court and all the cases that support that, it did not lose jurisdiction. But if you did find that because it was moved to St. Clair County, because the race was moved to St. Clair County, that somehow that conferred jurisdiction, then you would. That is my understanding that regardless of the location of the race, the Madison County court still maintains jurisdiction. At least that's stipulated by Mr. Marshall. Yes. Yes. Madison County retains jurisdiction. Judge Sloan's statement, I'm going to wash my hands of this. That was incorrect. Clearly incorrect. All right. But all of them. Thank you. I need further. No, I'm sorry. If you have time, we'll move on. Mr. Onslaught. If you have time, we'll move on. All right. And counsel, if you would, state your name for the record. Good morning. May it please the court, counsel, Assistant Attorney General Sam Horan, Defendant Tapalik, Illinois State Police.  The circuit court probably rejected Plaintiff's request for a permanent injunction ordering the currency at issue. Plaintiff's advanced three arguments for reversal of ACOTR, but none is persuasive. The circuit court had intersonic jurisdiction over ISP. There was no conflict between the search warrant and the circuit court's TRO, and the circuit court's decision was not against the manifest weight of the evidence. Can we talk about the jurisdiction issue? Obviously, that's what we're all focused on. Certainly, Your Honor. So would you concede that if the court of Madison County never lost jurisdiction over the property, then whatever happened in St. Clair's got to go? No, Your Honor. So Plaintiff's argument, as I understand it, is that two courts cannot exercise in-rem jurisdiction at the same time, but this just wasn't an in-rem action. Plaintiff's brought an in-personam action against ISP. A non-in-rem action would be against the currency itself, as the Illinois Supreme Court explained in ABNM. But the next case is the people extra paying versus the 2,000 Lexus RS. It is the rest. It is the item that is at dispute. Well, Your Honor, we don't dispute that the first case, the Madison County case, wasn't in-rem action. That's true. Our point is that regardless of whether that court still has in-rem jurisdiction, whatever the right answer is, Do we have dual-rem jurisdiction? Well, we have in-personam jurisdiction over ISP, which is different from in-rem jurisdiction, as this Court explained in Marriage and Family.  Except that the St. Clair County Court is directing what happens to the property. Well, the St. Clair County Court, they requested that it direct what happened to the property. The St. Clair County Court refused a permanent injunction. Well, in his defense, he didn't have a lot of choice after the Madison County Court refused to address the issue. Well, I think he actually had remedies in Madison County. He could, A, have moved for reconsideration or moved for a stay-pending appeal. That's the usual remedy if you believe the circuit court has made an error. Your remedy is not to file a collateral action in a separate circuit court, which doesn't have jurisdiction or authority to review what the Madison County Court did, as this Court explained in Oliver. I used the word jurisdiction. Actually, Oliver said non-jurisdiction. Oliver said authority. So I don't think it's really relevant to this case whether there could have been a second in-rem action because this Court explained in Marriage of Trilley that as long as the Court has in-persona jurisdiction, it doesn't need in-rem action. So what are we supposed to do with this particular appeal from St. Clair County? Well, Your Honor, I think there are two options that I have. The first would be if the Court, first, as a practical matter, as we explained on page 20 of our brief, the currency is now in Missouri, is in the possession of a separate sovereign over which this Court and the circuit court don't have jurisdiction. So we actually think the appeal is probable in most cases. Well, but technically, and you may not have seen the briefing of SAC, where they basically say that Madison County still has jurisdiction, though, regardless of where the money is. Well, that would be Madison County. We're talking about the St. Clair action. We don't think there's any jurisdiction that the St. Clair Court has to order the property returned now because it has left the state. So then you would agree that it would be dismissed, but for a different reason, because you no longer have the money either. Is that what I'm hearing you say? We think that the appeal, not the circuit court action, the appeal is moot because the money has left, the currency has left the state. It is in the possession of a separate sovereign, and that's what this Court discussed in the State of Medland. There, the Court said the Court didn't have jurisdiction to order the exhumation of a body in West Virginia in the same way the Court didn't have jurisdiction to order the return of currency that is in the possession of a separate sovereign. But how do you order the currency moot and then say it's been moot? I mean, what remedy does that afford, the plaintiff? Well, two remedies. I mean, first, they can move for a State-funded appeal. But second, they have the ordinary remedy of any party whose property has been seized pursuant to a search warrant, which is to move to suppress in the criminal proceeding in Missouri, which is ongoing. And they've never explained why that isn't an adequate remedy. And that may be an adequate remedy, but I'm still just trying to sort out what to do with the St. Clair County case. So you're right. I think the two decisions are that I think, as a practical matter, this appeal is moot. So we would suggest dismissal is moot. Second, if the Court doesn't agree on the mootness point, we would say the Court should affirm. As I discussed, the Court had impersonal jurisdiction over ISP. So the jurisdictional argument about continuing non-jurisdiction, we think, is neither here nor there. And that's the state of the bill. So we all agree we dismiss. It's just a matter of how we dismiss. Well, I think... Use the terms of the road, he says dismissal is moot. I want to be clear. Dismiss the appeal as moot. I think he's saying, if he was saying vacate rather than dismiss, we're saying dismiss the appeal as moot. I do want to quickly, if I can, address his other arguments. So the second argument in their briefing is that there's some kind of conflict between the search warrant and the search court's TRO. That's not accurate. The TRO required only that the property remain in St. Clair County until the April 3rd hearing. Well, let me back up for a minute. He's not appealing the search warrant. Correct. So the search warrant stands regardless. Is that correct? I'm going to get there, but you've anticipated. I think that's true. He's not appealing. He's appealing the decision in the CH case, is my understanding.  Okay, all right. That understated argument to be that because the search warrant was invalid, in his view, you don't agree. We're not going to take a position on that because it's not for this court. And he argues that in some way affects what the search court should have done here. But there was no conflict. The search warrant didn't require investigators to immediately seize the currency before the hearing. It didn't require them to take it out of St. Clair County. It was entirely possible to implement both the search warrant and the TRO, as, in fact, happened. So this is nothing like plaintiff's leading authority for this argument, which is state opinion, where two courts, in addition to addressing Colorado law, two courts issued directly contradictory orders to the same party. One court literally told that party, do not follow this other court's order. That's not the situation we have here. It was entirely possible to implement both the search warrant and the TRO, as, in fact, happened. And as Your Honor just mentioned, if they think there's a problem with the search warrant, this is not the forum in which to challenge it. The remedy would be a motion to suppress in Missouri, which plaintiffs could file at any time. They're free to do that. But that's not something in which ISP is involved. Third, the search court's word on the merits was not against the manifest way of the evidence. Plaintiffs hinted at a few different merit theories, but none required the search court to order a return of the currency. They're primarily focused on the money laundering forfeiture statute, 720-ISCS-529B, but it doesn't provide a basis really for several reasons. First of all, the statute complicates or detains these properties until it's no longer needed for evidence. That's in section 19 we cited in our brief. And more... I just want you to slow down there. So you're saying under the forfeiture action, in the other case, necessarily, that there is no seven days. There's no magical time frame. Is that correct? That was going to be my next point, Your Honor. So they cited section 13 of the forfeiture statute, which they claim required the Madison County Court to issue an order. But as I think Justice Clark was getting at, the Madison County Court didn't issue that order. And the provision that they're really relying on, section 25 that says the properties shall be returned within seven days of the order, is inapplicable because there was no order. And to be sure, they think there should have been an order. But if they think... Again, if they think there was an error in Madison County, their remedy was a motion for reconsideration in Madison County or a motion for a state pending appeal. In Madison County, they could have filed either of those, either before filing this action or while the TRO was in effect. And they didn't do so. Instead, they asked the circuit court in St. Clair County, effectively, to review the work of the Madison County Court, which it couldn't do, as this court explained in Oliver. Plaintiffs also referenced, in their briefing at least, an ISP directive discussing the disposition of property after a forfeiture action is commissed. That directive requires notice to the purported owner within seven days of the dismissal. Before that period had even run here, plaintiffs had already obtained the TRO, the TRO in this case. Notice the directive purport to address a situation like this one where a search warrant entitles a different target to the property. Plaintiffs also referenced due process, but they don't cite any relevant authority, nor could they. As we've been discussing, plaintiffs had access to ample process. If they think there was a problem in Madison County, they could have moved for reconsideration or a stay in that case. If they think there was a problem with the search warrant, they could move to suppress in Missouri, as the Circuit Court recommends, for example, at page 10 of the reported proceedings. As I mentioned, ultimately, they are in the same position as any other criminal defendant whose property has been seized as evidence, and they've never explained why Missouri's process would be inadequate. I'll just add, you know, I think today counsel started his presentation with a quote from the Madison County Court, and that sort of crystallizes that their real quarrel is with Madison County, is in the Madison County proceeding. It's not in this proceeding against ISP. And then, again, I just want to mention, to reiterate the mootness point, even if plaintiffs think there was some error, there's no effectual relief for the Circuit Court that this court could order in this case. So this case is likely moot. They seek an injunction ordering ISP to give them a specific collection of U.S. currency, a specific physical item. ISP does not have that item, because pursuant to the search warrant and the Circuit Court's order in this case, it has transferred that currency to Missouri. As the State of Medlin explained, that was the Circuit Court where this court has jurisdiction to enter an injunction against authorities in Missouri. The only response plaintiffs offered in their brief was that the State of Missouri somehow became subject to the Circuit Court's jurisdiction because a lawyer from the AG's office... I'm going to interrupt you. So, bear with me for a moment. Assume for a moment that we find that the court in St. Clair County in the CH case had no jurisdiction. Then, in terms of direction for ISP, nothing changes, whether it's moot or there's no jurisdiction, because the search warrant had directed those funds to be returned to Missouri, correct? I think that's true, Your Honor. So it doesn't change the outcome necessarily. I don't think it changes the outcome in terms of the facts on the ground. I think it makes a difference... It's simply... I'm sorry. Yeah, it's just simply... It's another way to skin a cat. I think it makes a difference to sort of the disposition of the appeal. And again, I think the proper disposition, if the court finds there's no jurisdiction, I think the reason for that is that the currency is in Missouri and ISP cannot access it. It's not that the circuit court lacked in personam jurisdiction. Again, this Court's been clear, for example, in the State of Prillick, that the two requirements for jurisdiction are subject matter jurisdiction and personal jurisdiction. The Court certainly had personal jurisdiction over ISP. It's subject to general personal jurisdiction in Illinois. And Plinkett's waived any personal jurisdiction argument by bringing this case and asserting that the Court had jurisdiction. And the Court has subject matter jurisdiction. Circuit courts have supports of general subject matter jurisdiction. The Court's... Sorry, Plinkett's suggested on page four of their reply brief that in rem jurisdiction is subject matter jurisdictional, but that's just not accurate. This Court said in marriage of Prillick is the equivalent of personal jurisdiction for actions against property. So, again, the question whether the Madison County Court had continuing in rem jurisdiction I think is an interesting question for the next appeal, but I don't think it's relevant to this one because regardless of what the right answer is, the Madison County Court had the necessary jurisdiction. That said, the courts no longer have jurisdiction over this appeal because it has become moved because of the properties of Missouri. And just to quickly return to the point that... to the mootness point, you know, as I mentioned, they argued that the State of Missouri somehow became subject to the circuit court's jurisdiction by having someone attend the hearing in this case, but they cite no authority for the proposition that a non-party somehow subjects itself to a circuit court's jurisdiction merely by having a representative attend the hearing. On the contrary, counsel for amici curia often attend hearings to explain their client's interest in the case and that doesn't mean they all become subject to potential injunctive relief. And regardless, Missouri isn't here. The only defendant in appellee in this appeal, the only party that plaintiffs are seeking relief against is the Illinois State Police. Plaintiffs didn't seek to amend their complaint to add any Missouri entity as a defendant and they don't argue that there's anything ISP can do to remedy their injuries. So there's no effectual relief that the circuit court or this court could order and that means the appeal is moot. So for that reason and not the in rem jurisdiction issue, that's why we would say the appeal is moot and outside the court's jurisdiction. And I do want to just briefly add I think I heard opposing counsel suggest though he conceded it was not in the briefs that the underlying stock was somehow unconstitutional. I don't think there's any support in the record of that. They certainly haven't explained that position at all and I think they forfeited it by not raising it until a few moments ago as a literal argument. Unless the court has any other questions. Thank you. The Illinois State Police respectfully request that this court either dismiss the appeal as moot or affirm the judgment of the circuit court. Thank you very much. Appreciate it. Mr. Hansel, LaValle. You know, I've been thinking that they want it both ways. They can't the search warrant the proper ruling for I believe here is that Stacey Campbell did not have jurisdiction at her order allowing the search warrant and vacating the temporary restraining order that should be reversed. But, Mr. Hansel, you're not appealing the search warrant. I mean, you haven't I can't appeal it. I know. I'm looking out for it. But, I mean, that's not the search warrant itself It's not under the purview of this court in this appeal. You agree with me? It is because it was entered by a co-equal judge within the county for the certain jurisdiction. It was entered there and she rightfully gave it clearance. The law is clear when you have to But this court doesn't have the power to undo that search warrant in this case. You would agree with that? Well, I mean, indirectly you do because you vacate her order transferring the property. Yes. Yes, you do. You say, Stacy, you didn't have jurisdiction. So, we're going to vacate your order. We're going to send it back there and that renders the search warrant null and void. Now, I didn't really want to get into it, but think about this. Practically. I'm there April the 3rd. I walk in in the morning to argue the injunctions part of it. And everybody and their brothers are there. I mean, Madison County is there. They go, we don't have any interest in this. We're going to wash our hands. Well, we have the state's attorney there. We have the attorney general from Missouri. We have their That is where the jurisdiction comes in. They had the detective, the gas Stacy, and they had Clyde from the attorney general. They come there and they said, we want that money. And we're not partners. But we all agree they're not a partner here. No, no. No, but to say that you can't order that money returned because it's already there. That's the whole reason I went in for the injunction. To prevent that from happening. But isn't your remedy to suggest that the Illinois State Police did something wrong and therefore they should pony up the equivalent of what went wrong? Well, you give the equivalent of paying us money. Pay us the money. Well, no. Pay us the money. That's vanished from your custody under wrongful circumstances. No, I know. I know. And this court's not aware. There is a pending court of claims claim, a file stating that very same thing. I believe this has been stayed or about to be stayed because of you all. You're right. Yes. Absolutely. Yes. And that has been done. I can't bother. I have to do it through the court of claims. But that's been done.  That's a motion. But as far as this in St. Clair County, she didn't have the jurisdiction. So you vacate that order and you order her to be retired. And then I don't see what you're doing with the medicine package. Any other questions, sir? No, thanks. All right. We'll see you momentarily on the next one. Thank you very much. We will issue an order in this matter in due course. And of course the next matter will be related as well. I'm assuming we'll issue two orders in due course.